IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JOHN LEWIS RUSH, | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00277-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| G. THOMPSON, CORRECTIONAL | ) | |
| OFFICER; T. STAFFORD, | ) | MEMORANDUM ORDER ON |
| LIEUTENANT/GRIEVANCE | ) | PLAINTIFF'S MOTION FOR |
| OFFICER; P. THOMPSON, FACILITY | ) | PRELIMINARY INJUNCTION AND |
| MANAGER; AND D. VARNER, CHIEF | ) | TEMPORARY RESTRAINING ORDER |
| GRIEVANCE OFFICER, | ) | |
| DEFENDANTS, INDIVIDUALLY AND | ) | IN RE: ECF NO.  13 |
| IN THEIR OFFICIAL CAPACITIES, | ) | |
| | ) | |
| Defendants | ) | |

Pending is Plaintiff John Lewis Rush's motion for a preliminary injunction and/or temporary restraining order. ECF No. 13. The parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 18 U.S.C. §636. For the following reasons, the Plaintiff's motion will be DENIED.

I.      Plaintiff's Allegations

Plaintiff, an inmate at the State Correctional Institute at Albion ("SCI-Albion"), commenced this action against Correctional Officer Thompson, Lieutenant/Grievance Officer Stafford; Patricia Thompson, SCI-Albion facility manager; and Chief Grievance Officer Varner. *See* ECF No. 9. His Complaint alleges that on December 18, 2024, he was

called to Security to pick up legal mail. Defendant CO-1 Thompson opened, read aloud, and confiscated Plaintiff's attorney-client privileged legal mail. Plaintiff objected, stating his rights were being violated, but Thompson continued. Plaintiff later received a confiscation receipt.

ECF No. 9, p. 4.

Plaintiff's Complaint asserts a First Amendment interference with legal mail claim, a Fourth Amendment illegal search claim, and claims for violations of Plaintiff's due process and equal protection rights. *Id.* His motion for a preliminary injunction and/or temporary restraining order concerns events that took place in Plaintiff's housing unit in or around late October or early November of 2025, and a subsequent misconduct charge he received. See ECF No. 13-1. Plaintiff requests the issuance of a mandatory injunction mandating that (1) Pennsylvania Department of Corrections personnel wear "body cameras with audio," and (2) he be transferred to the State Correctional Institution at Phoenix. *See* ECF No. 13, ¶¶ A(1) and B.

II.    Legal Standard

A temporary restraining order is assessed under the same standards as a preliminary injunction. *See, e.g., Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018)). However, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the

2

movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Where the foregoing procedural requirements are satisfied, a preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Plaintiff bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). As a threshold matter, the movant must allege facts that support a finding that he will sustain immediate and irreparable if preliminary injunctive relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (holding that it is not enough merely to show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury, which is more than serious or substantial harm and which cannot be redressed with money damages).

3

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strict legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" ...' ". *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is

4

at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

III.    Discussion

Because Plaintiff has failed to allege facts to support that he is likely to succeed on the merits of his claims or that he faces immediate irreparable harm if injunctive relief is not granted, his motion for injunctive relief must be denied. *See, e.g., Cromer v. Doe #1*, 2025 WL 1765922, at *1–2 (W.D. Pa. June 26, 2025), *report and recommendation adopted sub nom. Cromer v. Doe*, 2025 WL 2030662 (W.D. Pa. July 21, 2025). His motion fails to support a likelihood of success on the merits of his claims because it is untethered to the claims of this Complaint. His Complaint concerns alleged tampering with his mail in December of 2024, while his motion is based on a completely unrelated incident and actions taken thereafter in October or November of 2025. His motion also fails to allege facts to support that he faces irreparable harm absent injunctive relief. If Plaintiff wishes to pursue claims relating to the latter incident, he must do so in a separate action.

IV.    ORDER

For the foregoing reasons, Plaintiff's motion for a preliminary injunction and/or a temporary restraining order (ECF No. 13) is DENIED.

DATED this 21st day of January, 2026.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE
JUDGE

5